## MISSION OF REDEEMING LOVE ASS'N v. HULL et al.

No. 21557. Opinion Filed April 12, 1932.

Mills & Cohen, for plaintiff in error.

W. A. Chase and C. S. Walker, for defendants in error.

PER CURIAM. Action was commenced in the district court of Tulsa county, Okla., by Arthur Hull, Harry Tyrrell, W. A. Vandever and J. N. Chandler, defendants in error, as plaintiffs below, against the plaintiff in error and others, by filing petition, wherein it was alleged that the suit is brought by them as plaintiffs on behalf of themselves and of other residents and citizens of the city of Tulsa, Tulsa county, Okla., who are like situated and interested as they themselves are in the subject of the litigation; that for a period of more than 15 years, the defendants have been engaged in the general public solicitation of these plaintiffs and other citizens for free contributions from said citizens for the pur-

pose of organizing, running and operating what is known as the Mission of Redeeming Love in the city of Tulsa, an organization engaged in a general charity work, and especially in feeding and housing objects of charity, both men and women, and feeding, clothing, and housing tramps and other derelicts who applied for charitable aid to them; that during said period, these plaintiffs, along with a great many other citizens of the city of Tulsa, contributed many thousands of dollars to said charitable work as proposed to be done by said Mission of Redeeming Love. The material part of said petition necessary to be considered reads in part as follows:

"And, that these plaintiffs, along with other persons who have contributed as they have to this organization are entitled to have a receiver appointed for the purpose of collecting said funds and distributing said funds (Community Fund donation) and operating said Mission of Redeeming Love in Tulsa, Okla., until such time as this case may be heard upon its merits and the final decree of court entered here, fixing the rights of all the parties hereto.

"And the plaintiffs further state and allege that it is necessary to have a receiver appointed immediately for said property for the further reason that the Free Methodist Church, who now claims to own said property, may attempt to sell and transfer said property and further complicate the title to said property, and that the plaintiffs and the community of Tulsa might suffer a great and irreparable injury by the action of the Free Methodist Church in attempting to transfer said titles, as the plaintiffs are informed and believe that they may do.

"And the plaintiffs further state that if a notice of several days be required by this court and given by plaintiff of its intention to apply for a receiver for said property, said notice might defeat the very purpose for which this action is brought, in this, that the defendant, Free Methodist Church, might attempt to sell and transfer said property and put the same into the hands of innocent third parties, and for that reason this application for receiver is made on a one-day notice."

The petition was filed on October 15, 1929, and on October 16, 1929, the trial court entered its order and judgment appointing a receiver. Plaintiff in error filed motion in the trial court to vacate the order appointing receiver and that said receivership be discharged for the following reasons, to wit:

"First. That the plaintiffs have no capacity to sue in this action and that the petition on behalf of said plaintiffs is insufficient to give this court jurisdiction for the appointment of a receiver.

"Second. That the petition of the plaintiffs does not state facts constituting cause of action in favor of plaintiffs and against defendant, and that this court acquired no jurisdiction in said cause or the appointment of a receiver.

"Third. That the petition of plaintiffs alleges no ground authorizing or justifying the appointment of a receiver for the property of this defendant under the statute of the state of Oklahoma, or the general usages of a court of equity.

"Fourth. That this defendant had no notice of said application; that the said A. C. Palmer, upon whom service of summons was supposed to have been made, was the instigator of said suit, and did not represent this defendant, but aided and encouraged the plaintiffs.

"Fifth. That the said court had no power or authority to appoint a receiver for the property of this defendant without requiring the execution of bond for the plaintiff and that said purported appointment without said bond was null and void."

On 22nd day of July, 1930, upon hearing had on the motion and application to discharge the receiver, the trial court entered its order and judgment overruling the motion and refusing to vacate order appointing receiver, and from this order and judgment of the trial court the defendant, Mission of Redeeming Love Association, perfected appeal in this court by filing petition in error with case-made herein on July 31, 1930.

Plaintiff in error, in compliance with the rules and order of this court, filed brief in support of the assignments of error set out in the petition in error filed herein. The defendants in error, nor any of them, have filed answer brief, nor any other pleading or instrument in this cause on appeal; neither have they offered any excuse for their failure to do so. This court has repeatedly held:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

Plaintiff in error prays that the judgment and order refusing and declining to vacate the appointment of the receiver be reversed and an order entered vacating said appointment, and that all the costs of said

receivership be charged and assessed against defendants in error. We have examined the pleadings as set forth in the brief of plaintiff in error and the authorities cited therein reasonably support the assignments of error, and under the repeated holdings of this court plaintiff in error is entitled to have this cause reversed, with directions to the trial court to set aside its order overruling the motion to vacate the appointment of receiver and to enter its order vacating and discharging the receiver, and further taxing the costs of receivership to the defendants in error. And it is so ordered.